Justin A. Palmer (SBN. 270857)
**FILER | PALMER, LLP**
249 E. Ocean Blvd., Suite 501
Long Beach, CA 90802
Telephone:   (562) 304-5200
Facsimile:   (562) 394-0504
Email:       justin@filerpalmer.com

Counsel for Plaintiff,
AARON GLAZIER

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| AARON GLAZIER, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW** |
| vs. | |
| COUNTY OF LOS ANGELES; DEPUTY ADAMS; DEPUTY SCHNEIDER AND SGT. NORTH and Does 1-10, inclusive, | 1) DEPRIVATION OF CIVIL RIGHTS – ARREST WITHOUT PROBABLE (42 U.S.C. § 1983) |
| Defendants. | 2) DEPRIVATION OF CIVIL RIGHTS – FALSE EVIDENCE VIOLATIONS (42 U.S.C. § 1983) |
| | 3) DEPRIVATION OF CIVIL RIGHTS – FABRICATION OF EVIDENCE (42 U.S.C. § 1983) |
| | 4) MUNICIPAL & SUPERVISORY LIABILITY – <u>UNCONSTITUTIONAL CUSTOM OR POLICY</u> (42. U.S.C. § 1983) |
| | 5) MUNICIPAL & SUPERVISORY LIABILITY – <u>FAILURE TO TRAIN</u> (42. U.S.C. § 1983) |
| | 6) MALICIOUS PROSECUTION (42 U.S.C §1983) |
| | **<u>DEMAND FOR JURY TRIAL</u>** |

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

Plaintiff Aaron Glazier, complains against Defendants County of Los Angeles, Deputy Adams, Deputy Schneider and Sgt. North and Does 1-10 as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendments of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in this district, and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This is a civil rights action seeking compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the false arrest and malicious prosecution of Plaintiff, Aaron Glazer.

4.      At all relevant times, Plaintiff, Aaron Glazer ("Plaintiff") was an individual residing in the County of Los Angeles, California.

5.      At all relevant times, Defendant COUNTY OF LOS ANGELES ("COLA") is and was a municipal corporation existing under the laws of the State of California. At all relevant times, COLA was the employer of Defendants Deputy Adams, Deputy Schneider, Sgt. North and Does 1-10, inclusive, were are believed to be residents of the County of Los Angeles, California. Deputy Adams, Deputy Schneider, Sgt. North and DOES 1-10 are sued in their individual capacity.

6.      At all relevant times, Defendants Deputy Adams, Deputy Schneider, Sgt. North and DOES 1-10 were duly authorized employees and agents of COLA,

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant COLA. At all relevant times, Defendants Deputy Adams, Deputy Schneider, Sgt. North and DOES 1-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by COLA's elected and non-elected officials.

7.      In doing the acts and failing and omitting to act as hereinafter described, Defendants Deputy Adams, Deputy Schneider, Sgt. North, and DOES 1-10 were acting on the implied and actual permission and consent of COLA.

8.      The true names of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sue these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these defendants when they have been ascertained. Each of the fictitiously-named defendants is responsible in some manner for the conduct or liabilities alleged herein.

9.      At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10.     On January 29, 2018, Mr. Glazier was lawfully parked in the Centerwood Plaza in Bellflower, California. Mr. Glazier was seated in his vehicle and on his telephone, waiting for time to pass before he would travel to work and begin his shift.

11.     Mr. Glazier is informed and believed, and on that basis allege that Defendant Adams was patrolling the area as a single-man car on January 29, 2019.

p-complaint.jap - final.docx                                    3

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

12.     Despite having information Mr. Glazier had not committed a crime and was not involved in any activity which could be considered a crime, Adams parked his patrol vehicle in front of Mr. Glazier to prevent Mr. Glazier from moving his car to prevent the unlawful police contact.

13.     Within moments of parking his car, Adams ordered Mr. Glazier to get out of the car without providing any lawful reason or explanation for attempting to detain him. Mr. Glazier, then fearing a wrongful detention and possible unlawful use of force by Defendant Adams, attempted to control the encounter by using his telephone to record the detention.

14.     The police encounter with Adams spanned nearly fifteen minutes, culminating with Sgt. North ordering Mr. Glazier out of the vehicle. During the encounter, Mr. Glazier repeatedly asked Adams During the encounter, Mr. Glazier asked Deputy Adams as to the reason for the detention. Adams refused to provide any explanation for the detention, other than advising he was "detained pending an investigation." After refusing to provide any explanation, Adams contacted dispatch to request additional assistance on scene. Mr. Glazier is informed Deputies Schneider, Sgt. North and Deputy Doe #1 arrived on scene to provide backup.

15.     Roughly twelve minutes into the encounter, Sgt. North spoke with Mr. Glazier about the detention and the alleged need to perform an investigation. According to Sgt. North, Mr. Glazier was being detained because Deputy Adams wanted to check his eyes. Sgt. North explained Deputy Adams believed Mr. Glazier may have been smoking marijuana and he wanted to examine him. Prior to Sgt. North arriving, Adams never advised Mr. Glazier as to why he was being detained or investigated.

16.     Defendants omitted from all reports the information contained on the cellphone video take – that Mr. Glazier was peacefully in his car, that he was not a

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

threat to officers and that deputies failed to provide any basis for the initial detention. In fact, the individual defendants attempted to coerce Mr. Glazier in to participating in an unlawful police investigation, knowing full well there was no basis for the initial detention and encounter with Adams.

17. After Mr. Glazier attempted to assert his rights to be free from an unreasonable search and seizure, Sgt. North authorized the arrest of Mr. Glazier that same day. Mr. Glazier was booked on driving under the influence, but ultimately charged with four (4) counts of resisting arrest, in violation of <u>Penal Code</u> §148(A)(1).

18. Defendants Adams, Schneider and Sgt. North and DOES 1-5 knew, or should have known, that Mr. Glazier had not committed a crime or interfered with any lawful investigation. During the entire detention, Mr. Glazier simply asked for an explanation for the detention, which was never provided to him.

19. On September 20, 2019, the District Attorney dismissed the criminal case field against Plaintiff.

### **Participation, State of Mind and Damages**

20. All Defendants acted under color of law.

21. Each Defendant participated in the violations alleged herein, or directed the violations alleged herein, or knew of the violations alleged herein and failed to act to prevent them. Each defendant ratified, approved and acquiesced in the violations alleged herein.

22. As joint actors with joint obligations, each defendant was and is responsible for the failures and omissions of the other.

23. Each Defendant acted individually and in concert with the other Defendants and others not named in violating Plaintiff's rights.

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

24.     Each Defendant acted with a deliberate indifference to or reckless disregard for an accused's rights for the truth in withholding evidence from prosecutors, for an investigation free of active concealment of material facts, and/or for the Plaintiff's right to due process of law.

25.     As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of Defendants, Plaintiff has suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

26.     Due to the acts of the Defendants, Plaintiff has suffered and continues to suffer, and is likely to suffer in the future, extreme and severe mental anguish as well as mental and physical pain and injury. For such injury, Plaintiff will incur significant damages based on psychological and medical care.

27.     As a further result of the conduct of each of these defendants, Plaintiff has lost past and future earnings in an amount to be determined according to proof at trial.

## FIRST CLAIM FOR RELIEF

## Deprivation of Civil Rights – Arrest Without Probable Cause (42 U.S.C. § 1983)

## (By Glazier Against Adams, Schneider and Sgt. North and DOES 1-5)

28.     Mr. Glazier repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

29.     The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable searches and seizures, including

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

the right to be free from arrest without probable cause. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

30.    Defendants Adams, Schneider and Sgt. North and DOES 1-5 acted under color of state law.

31.    Defendants Adams, Schneider and Sgt. North and DOES 1 – 5 detained Plaintiff without reasonable articulable suspicion or probable cause to believe he had committed a crime and without a warrant, without consent and in the absence of exigent circumstances. There was absolutely no reason whatsoever to conduct a search and arrest Plaintiff under these circumstances. At all relevant times, Defendants Adams, Schneider and Sgt. North and DOES 1-5 knew or should have known Mr. Glazier was innocent.

32.    Defendants named herein, and each of them, were motivated by bad faith in that Defendants had a preference toward finding Plaintiff guilty and their conduct was done with deliberate indifference to and/or reckless disregard of Mr. Glazier's rights or for the truth.

33.    When Defendants caused Plaintiff to be arrested without probable cause, they violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34.    As a result of the conduct of Adams, Schneider and Sgt. North and DOES 1-5 5 they are liable for Plaintiff's injuries, either because they were integral participants in the unreasonable detention and arrest, or because they failed to intervene to prevent these violations.

35.    The conduct of Adams, Schneider and Sgt. North and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for Mr. Glazier's rights

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

and safety, and therefore warrants the imposition of exemplary and punitive damages.

36.    PLAINTIFF brings this claim individually and seeks general and special damages, in an amount to be determined at trial. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. §1988.

### SECOND CLAIM FOR RELIEF

**Deprivation of Civil Rights – False Evidence Violations – (42 U.S.C. § 1983)**

**(By Glazier Against Adams, Schneider and Sgt. North and DOES 1-5)**

37.    Mr. Glazier repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

38.    Defendants Adams, Schneider and Sgt. North and DOES 1-5 while acting under color of law, deprived Plaintiff of his civil rights, more particularly, his right to due process of law, by providing false evidence in reports, improperly influencing witnesses and fabricating and concealing evidence, that resulted in prolonging Mr. Glazier's underlying prosecution for a crime he did not commit, thereby resulting in depriving Mr. Glazier of liberty because they set in motion a reasonably foreseeable chain of events that led to the presentation of false evidence during Mr. Glazier's underlying criminal proceedings.

39.    The use of false evidence asserted herein encompasses the conduct as alleged herein, as well as the reports authored by the individuals, and other undiscovered conduct. Defendants further failed to correct false testimony and evidence contained within their individual reports regarding the conduct of Mr. Glazier, as alleged above. Defendants knew or should have known the evidence was false. At all relevant times, Adams, Schneider and Sgt. North and DOES 1-5 knew or should have known Mr. Glazier was innocent. In addition, after charges were

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

filed against Mr. Glazier was convicted, Defendants Adams, Schneider and Sgt. North and DOES 1-5 failed to take action to secure Mr. Glazier's freedom and release from prosecution.

40.    Defendants' conduct was done with deliberate indifference to and/or reckless disregard of Plaintiff's rights or for the truth. The evidence and false identifications were used to try and obtain an conviction of Plaintiff.

41.    Defendants Adams, Schneider and Sgt. North and DOES 1-5 knew or should have known that evidence set forth above was false, and that the witnesses were providing false evidence.

42.    The constitutional source against using false evidence is primarily the due process clause of the Fourteenth Amendment, and Plaintiff's due process rights were violated by the conduct alleged herein. Plaintiff brings this claim as both a procedural and substantive due process violation. To the extent that any court were to conclude that the source of Plaintiff's right to be free from false evidence being used against him that led to a false and wrongful prosecution, is any constitutional source other than due process (such as the Fourth Amendment or Sixth Amendment right to a fair trial), this claim is brought on those bases as well.

43.    Defendants Adams, Schneider and Sgt. North and DOES 1-5 were each jointly and severally responsible to not use false evidence against Mr. Glazier. Each engaged in, knew or should have known of the unconstitutional conduct alleged herein and failed to prevent it, which each had a responsibility to do, and each ratified, approved or acquiesced in it.

44.    As a direct and proximate result of the aforementioned conduct, Plaintiff suffered a loss of liberty, past and future earnings, and emotional distress.

45.    The conduct of Defendants Adams, Schneider and Sgt. North and DOES 1-5 was willful, wanton, malicious, and done with an evil motive and intent

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

and a reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

46.     Plaintiff brings this claim individually and seeks general and special damages, in an amount to be determined at trial. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF

**Deprivation of Civil Rights – Fabrication of Evidence– (42 U.S.C. § 1983)**

**(By Glazier Against Adams, Schneider and Sgt. North and DOES 1-5)**

47.     Mr. Glazier repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

48.     Defendants Adams, Schneider and Sgt. North and DOES 1-5 while acting under color of law, deprived Plaintiff of his civil rights, more particularly, his right to due process of law, by fabricating evidence or causing the fabrication of evidence. Defendants Adams, Schneider and Sgt. North and DOES 1-5 set in motion a reasonable foreseeable chain of evince that led to the prosecution of Mr. Glazier.

49.     Defendants also caused the fabrication of police reports that were incomplete or contained material omissions. Defendants Adams, Schneider and Sgt. North and DOES 1-5 authored reports which omitted critical information contained on Mr. Glazier's videotape pointing to his innocence. Such incomplete police reports likely influenced the prosecution's decision to bring charges and prosecute Mr. Glazier.

50.     Defendants Adams, Schneider and Sgt. North and DOES 1-5 knew or should have known that evidence set forth above was false, and that the witnesses were providing false evidence.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

p-complaint.jap - final.docx                                    10

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

51.     The constitutional source against using fabrication of evidence is primarily the due process clause of the Fourteenth Amendment, and Plaintiff's due process rights were violated by the conduct alleged herein. Plaintiff brings this claim as both a procedural and substantive due process violation. To the extent that any court were to conclude that the source of Plaintiff's right to be free from false evidence being used against him that led to a false and wrongful prosecution, is any constitutional source other than due process (such as the Fourth Amendment or Sixth Amendment right to a fair trial), this claim is brought on those bases as well.

52.     Defendants Adams, Schneider and Sgt. North and DOES 1-5 were each jointly and severally responsible to not use false evidence against Mr. Glazier. Each engaged in, knew or should have known of the unconstitutional conduct alleged herein and failed to prevent it, which each had a responsibility to do, and each ratified, approved or acquiesced in it.

53.      As a direct and proximate result of the aforementioned conduct, Plaintiff suffered a loss of liberty, past and future earnings, and emotional distress.

54.     The conduct of Defendants Adams, Schneider and Sgt. North and DOES 1-5 was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

55.     Plaintiff brings this claim individually and seeks general and special damages, in an amount to be determined at trial. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. § 1988.

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom, Policy or Practice (42 U.S.C. §1983)**

**Mr. Glazier v. Defendant County of Los Angeles and Does 6-10**

56.    Mr. Glazier repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

57.    Mr. Glazier is informed and believes, and on that basis alleges Defendants **Adams, Schneider and Sgt. North and DOES 1-5**  were not disciplined for the arrest and prosecution of Mr. Glazier.

58.    Defendants County and LASD fails to adequately train and supervise deputy sheriffs on the laws of arrest for non violent crimes. Plaintiff is informed and believes, and on that basis alleges, the lack of training with respect to the laws of arrest is encouraged by the presences of secret gangs and cliques within the Los Angeles County Sheriff's Department, who exist to harass, intimidate and, in some cases, kill citizens throughout Southern California.

59.    The Los Angeles County Sheriff's Department (LASD or the Department) has a long and troubled history involving unauthorized, exclusive and secretive Department groups consisting of sworn deputies, whose membership is based on a variety of factors, including station or unit assignment, ethnicity, involvement in excessive uses of force, intimidation of fellow deputies, and harassment of civilians. Within the Los Angeles Sheriff's Department, there is a group of deputies who use gang tactics and fear of intimidation to silence deputies and citizens.

60.    Many of these LASD groups are known for their identical, hidden, sinister tattoos, and have been the subjects of investigations, lawsuits and

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

p-complaint.jap - final.docx

12

settlements involving excessive uses of force, violence and dishonesty, against other Sheriff's Deputies, as well as against members of the community. These groups of deputies, whose existence is not officially sanctioned by the Department, are variously referred to as "cliques," "violent cliques," "tattoo groups," "station groups," "secret deputy sub-groups," and "secret societies." Reports of intimidating, gang-like behavior, such as aggressive member self- identification, use of street-gang lingo, flashing hand signals, and violence in the communities they serve, have led many to compare these groups to street gangs, and identify them as Sheriffs gangs.

61.     As early as 1992, the Kolts Commission on police brutality in Los Angeles found that groups consisting mostly of white deputies, such as the Vikings, the Grim Reapers (Lennox Station), the Regulators (Century Station), and the Jump Out Boys (Operation Safe Streets Gang Enforcement Team) were particularly predominant in areas with large minority populations. The presence of gang-like groups also extends into Department custody gangs, within the Men's Central Jail ("MCJ"), Inmate Reception Center and jails located within individual stations throughout the Southern California region.

62.     This gang-style intimidation and violence by sworn Deputies is not limited to jails or to conflicts between deputies. In May 2012, the Department discovered the Jump Out Boys by accident, having uncovered the discovery of a printed "creed" which stated members would receive a tattoo after being in a shooting. The Jump Out Boys, a group of gang enforcement officers, were compared to the lawless Rampart Division of the LAPD in the 1980's, whose members had a similar tattoo: a skeleton holding a revolver. Whenever a deputy in the group was involved in a shooting, he would earn extra ink of smoke coming out

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

of the barrel of the gun. Seven of the Jump Out Boys members ewer fired. Four of those were ultimately reinstated.

63.     On or before January 29, 2018, and continuing until the present date, the Department management has known about and failed to address the longstanding problem of deputy clicks, and also has failed to address with appropriate rigor the code of silence that is an inherent concern among law enforcement agencies. LASD rarely finds or meaningfully punishes dishonesty, racial profiling and unlawful field contacts and failure to report force incidents, and it takes months, (or even years) to address deputy misbehavior. The twin dysfunctions of secret and unauthorized members-only deputy groups, paired with an intimidating code of silence that denies, ignores or minimizes deputy misconduct, have fostered the toxic dynamic cited in numerous claims, lawsuits and disciplinary actions involving Sheriff tattoo groups or gangs.

64.     Furthermore, LASD management through the years has not been particularly effective in investigating, or thwarting the rise of sheriff gangs, and this ambivalence has likely enabled their continuation and expansion.

65.     Sheriff Baca vowed to address the problem, but as it turned out, he and some of his executive team were instrumental in creating the conditions that actually contributed to the uses of excessive force and the code of silence, tactics much favored by these groups. The culture within these groups enforced their code of silence, and made investigation difficult and dangerous.

66.     There was no significant investigation or response in the department during the term of former Sheriff Jim McDonnell.

67.     After his election in 2018, Sheriff Villanueva continued the tradition of custom and practice of using illegal tactics, fear and intimidation to silence citizens from reporting acts of misconduct, including excessive force and false police reports

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

designed to obtain a criminal conviction to avoid civil liability pursuant to Heck v. Humphrey at the station level and by an informal custom within the ranks of the Los Angeles County Sheriffs Deputies. The toleration of the culture which fosters deputy gangs, false reporting, excessive force and intimidation was the moving force behind the detention of Mr. Glazier on January 29, 2018.

68.     Sheriff Villanueva has acknowledged the problems presented by these "inter-generational" groups as "hazing run amok," but also has characterized them as "benign," and at a recent Civilian Oversight Commission meeting, even defined "hazing" to include working overtime without a jacket, or a rookie having to buy lunch for the entire station.

69.     Sheriff Villanueva has admitted that LASD gangs existing in LASD is a concern that goes back to the 1970's and it resurfaces every ten years or so. Plaintiffs are informed and believe and thereon allege that the Sheriff s gangs do not "resurface", they are consistently there and COLA's toleration of, deliberate indifference to and ratification of sheriff gangs, including the Lakewood station. This existing sheriff clique and/or secret gang was well known, including being known to Defendants Adams, Schneider and Sgt. North and DOES 1-5 and was a moving force in the detention, investigation and prosecution of Mr. Glazier.

70.     Plaintiff is informed and believes, and on that basis alleges Defendants Adams, Schneider and Sgt. North and DOES 1-5 were members of a clique  and/or secret gang within the Los Angeles Sheriff's Department, overseeing operations at or near the Lakewood Sheriff's Station. At all times herein mentioned, actions of excessive use of force, intimidation and false reporting were and are protected by superiors at the Lakewood station who made sure they are not disciplined or face consequences for their actions.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

71.    In May 2018, training officers Benjamin Zaredini and Louis Granados took their concerns about harassment from the gang to their superiors. Multiple officers were interviewed as part of an investigation that ultimately went nowhere, as verified by five deputies and two veteran officers who filed claims with the COLA.

72.    The Captain, sergeants and others who supervised the Lakewood sheriff's station were similarly members of this secret gang/clique as alleged above. These individuals are/or were deliberately indifferent and ratified the action of the gangs to whom they belonged.

73.    The Sheriffs Department also possessed an obstructive custom and practice designed to discourage meaningful oversight over rogue employees.  At all times herein mentioned, there was a custom and practice of practice of allowing the sheriff gang members to conduct their own vigilante justice which created a de facto independent department, with a secret gang, with front line supervisors in on the special cover, stopping some of the complaints from reaching elected officials. Those in the gang of deputies were used in a way that brought rewards to those within the gang of deputies, in extrajudicial uses of state authority whereas it was well known that those deputies who did not do what the gang wanted would suffer consequences including in their employment. This gang of street officers, including the supervisors at the Lakewood station, including the Captain, sergeants, lieutenants, sergeants and supervisors was operating under color of law for their own purposes and not within the law. This existing sheriff clique and/or secret gang was well known, including being known to Defendants Adams, Schneider and Sgt. North and DOES 1-5 and was a moving force in the detention and investigation of Mr. Glazier.

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

74.     At all times herein mentioned, Deputies employed by Defendants COLA and its LASD were, and are, regularly deploying excessive force and harassing citizens with impunity. In particular, Deputies employed by Defendants COLA and LASD harassed citizens without probable cause, caused criminal charges to be filed against citizens to avoid civil liability and used excessive force on persons who were unarmed and/or did not represent a threat to life or of serious bodily injury as identified below. These deputies encouraged, and in some cases directly participated, in the filing of criminal charges in similar cases where citizens exercised their rights under the United States Constitution. These incidents did not result in discipline and this culture of a lack of accountability were a moving force in Defendants Adams, Schneider and Sgt. North and DOES 1-5 and was a moving force in the detention, investigation and prosecution of Mr. Glazier.

75.     **Deondre "Trey" Brunston**. On or about August 24, 2003, Bronston died in a hail of 8 1 bullets, fired by Los Angeles County Sheriff s Deputies, 22 of which hit him, and which also fatally wounded a police dog. There was no discipline for this incident prior to the detention, arrest and prosecution of Mr. Glazier.

76.     **Carl Williams**. On or about June 13, 2006, Six Los Angeles County Sheriff s Deputies fired about 70 rounds into the car occupied by Williams after a chase when he represented no threat to life or serious bodily injury. There was no discipline for this incident prior to the detention, arrest and prosecution of Mr. Glazier.

77.     **Bryan Moore.** On or about June 26, 2008, Moore and he ran, jumped over a fence holding his waist, and when officers ordered him to raise his hands, he looked at the Deputies, who shot him to death. Moore represented no threat to life or serious bodily injury. There was no discipline for this incident prior to the detention, arrest and prosecution of Mr. Glazier.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

78.   **Darrick Collins.** On or about September 14, 2009, a Los Angeles County Sheriffs Deputy chased Collins up his driveway and into his own backyard, believing he was a robbery suspect.  The deputy fired at Collins through a wooden gate, fatally hitting him in the back of the neck. Collins presented no threat to life or serious bodily injury. There was no discipline for this incident prior to the detention, arrest and prosecution of Mr. Glazier.

79.   **Johnathan Cuevas**. On or about October 10, 2010, a Los Angeles County Sheriffs Deputy shot and killed Johnathan Cuevas. The  deputy stopped next to men walking, without reasonable suspicion to believe they had committed a crime, or probable cause to arrest them. Cuevas ran and fell, then the deputy shot him on the ground. There was no discipline for this incident prior to the detention, arrest and prosecution of Mr. Glazier.

80.   **Rigoberto Arceo.** On or about May 2013, a Los Angeles County Sheriffs Deputy shot and killed Rigoberto Arceo. A Los Angeles County Sheriffs Deputy L. Mendoza, ordered Rigoberto to the ground. Rigo with his hands raised in the air, was telling Deputy Mendoza that he did not have to do anything, when the deputy shot him once in the chest. In order to try and justify the shooting Deputy Mendoza claimed that Rigo was trying to grab his gun. However, independent percipient witnesses who saw the shooting, described Rigo as having his hands raised over his head when he was shot and that he was approximately 1 0 feet away from the deputy when the deputy shot and killed him. Rigoberto Arceo was unarmed. There was no discipline for this incident prior to the detention, arrest and prosecution of Mr. Glazier.

81.   **Antoine Hunter and Geremy Evans.** On or about June 24. 2014, Los Angeles County Sheriff Deputies Timothy Lee and Gregory Rodriguez, shot and killed Antoine Hunter and severely wounded Geremy Evans. Antoine Hunter and

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

Geremy Evans were in a vehicle that had come to a stop when the Deputies poured shots into the vehicle. Hunter did not have a gun in his hand. Evans dove in the back seat and was totally unarmed while the Deputies shot at him when he posed no threat whatsoever. COLA and LASD knew that Gregory Rodriguez was a member of a sheriff's gang and that he had gang tattoos but they withheld this information, including while represented by the same counsel who represent the deputies in the current case. Deputy Gregory Rodriguez aka "G-Rod" is one of the Deputies named in government claims filed by fellow deputies regarding a beating of fellow deputies from the East LA Station that took place in September, 2018. Although that beating of fellow sheriff's deputies by Banditos gang members took place in September, 2018, the Banditos gang existed on and before the January 28, 2019 detention and arrest of Mr. Glazier. This is part of a consistent pattern of COLA and LASD hiding information regarding deputy gang membership and is a moving force to deputies using excessive force knowing there are no consequences and that their use of force will always be ratified by COLA and its LASD. There was no discipline for this incident prior to the detention, arrest and prosecution of Mr. Glazier.

82.     **Raymond Davidson.** On or around July 17, 2007, 73 year old Raymond Davidson was on the premises of a barbershop in Los Angeles, County. Without probable cause or reason to suspect a crime, Deputy Chamness faced Mr. Davidson and repeatedly pepper sprayed **in the face and eyes. After being pepper sprayed, Mr. Davidson was forced to stand in the heat without medical assistance. Mr. Davidson was criminally charged in that case with 3 others, and those charges were dismissed on October 23, 2007.** There was no discipline for this incident prior to the detention, arrest and prosecution of Mr. Glazier, and the culture of coming up with a story in a false report to protect deputies was a moving force in the detention, arrest and prosecution of Mr. Glazier.

83.     Defendants COLA and its LASD had not only constructive but actual knowledge of the LASD sheriff gang and clique problem before the detention and arrest of Mr. Glazier and failed to take any reasonable steps to stop them, or rectify the culture of harassing citizens without discipline.

84.     Plaintiff bring this claim in their individual capacities and in each case seek compensatory damages, including loss of consortium, past and future financial loss, physical injuries, and emotional and mental distress for the violation of Plaintiffs' rights. Plaintiffs also seek punitive damages and attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. §1983)

### Mr. Glazier v. Defendant County of Los Angeles and Does 6-10

85.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

86.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

87.     Defendants Adams, Schneider and Sgt. North and DOES 1-5 acted under color of law.

88.     The acts of Defendants Adams, Schneider and Sgt. North and DOES 1-5 deprived Plaintiffs of their particular rights under the United States Constitution.

89.     The training policies of Defendant County of Los Angeles were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

90.     Defendant County of Los Angeles was deliberately indifferent to the obvious consequences of its failure to train its sheriff's deputies adequately. Specifically, the County of Los Angeles failed to adequately train its deputies with regard to deciding when it is appropriate to detain an individual, the investigation and reporting of detentions, the use of unreasonable and excessive force, particularly deadly force, the immediate need to use deadly force, handling situations with the mentally ill, and use of proper police tactics.

91.     The failure of Defendant County of Los Angeles to provide adequate training caused the deprivation of the Plaintiffs' rights by Defendants Adams, Schneider and Sgt. North and DOES 1-5; that is, the defendant's failure to train is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

92.     By reason of the aforementioned acts and omissions, Plaintiff Mr. Glazier suffered serious bodily injury, emotional and mental distress and financial loss. Accordingly, Defendants County of Los Angeles and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

93.     Plaintiff bring this claim in their individual capacities and in each case seek compensatory damages, including loss of consortium, past and future financial loss, physical injuries, and emotional and mental distress for the isolation of Plaintiffs' rights. Plaintiffs also seek punitive damages and attorney's fees under this claim.

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

## SIXTH CLAIM FOR RELIEF

### Malicious Prosecution (42 U.S.C. §1983)

### (By Mr. Glazier Against Adams, Schneider and Sgt. North and DOES 1-5)

94.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

95.     Defendants Adams, Schneider and Sgt. North and DOES 1-5, while acting under color of law, deprived Plaintiff of his civil rights, more particularly, his right to be free from malicious prosecution.

96.     The defendants contributed to, caused, or initiated a criminal prosecution against Mr. Glazier with malice and/or with the purpose of depriving him of his constitutional rights. They did not have probable cause to arrest or prosecute him, and initiated prosecution for the purpose of evading civil liability. The prosecution ultimately terminated in Mr. Glazier's favor, with a dismissal of charges on or around September 2019. Defendants knew or should have known the initial detention of Mr. Glazier lacked reasonable suspicion or probable cause, and that Mr. Glazier was innocent.

97.     Plaintiff brings this action under federal law. The constitutional source against malicious prosecution is primarily the due process clause of the Fourteenth Amendment, and Plaintiff's due process rights were violated by the conduct alleged herein. Plaintiff brings this claim as both a procedural and substantive due process violation. To the extent that any court were to conclude that the source of Plaintiff's right to be free from malicious prosecution is any constitutional source other than due process (such as the Fourth Amendment or Sixth Amendment right to a fair trial), this claim is brought on those bases as well.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

p-complaint.jap - final.docx                  1

98.     Defendants Adams, Schneider and Sgt. North and DOES 1-5 were each jointly and severally responsible not to bring a malicious prosecution against Mr. Contreras. Each engaged in, knew or should have known of the unconstitutional conduct alleged herein and failed to prevent it, which each had a responsibility to do, and each ratified, approved or acquiesced in it.

99.     The conduct of Defendants Adams, Schneider and Sgt. North and DOES 1-5 was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of Mr. Glazier and therefore warrants the imposition of exemplary and punitive damages.

100.    Mr. Glazier brings this claim individually and seeks general and special damages, in an amount to be determined at trial. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. § 1988.

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

## **PRAYER**

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them, as to each claim for relief as applicable, as follows:

1. For General and Special Damages according to proof;
2. For Exemplary Damages as provided by law; in an amount to be proved against each individual Defendant;
3. For Attorney's Fees pursuant to 42 U.S.C. 1985 and 1988; 4. For Costs of Suit;.
4. For Costs of Suit;
5. For such other and further relief as the Court may deem proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues.

Dated: January 28, 2020                            Respectfully Submitted,

**FILER | PALMER, LLP**

By: _____
        Justin A. Palmer
        Counsel for Plaintiff,
        AARON GLAZIER

p-complaint.jap - final.docx                    24

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**