**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| AARON GLAZIER,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES;<br>DEPUTY H. ADAMS; SGT. NORTH<br><br>Defendants. | Case No. 2:20-cv-00924-SSS-RAOx<br>***[Assigned to Hon. Sunshine S. Sykes Courtroom 2]***<br><br><br>**AMENDED JUDGMENT** |

The trial in this action began on February 23, 2026, in Courtroom 2 of the United States District Court for the Central District of California, Honorable Sunshine Susanne Sykes presiding. Plaintiff Aaron Glazier was represented by Justin A. Palmer of Justin Palmer Law Group, APC. Defendants Deputy Harold Adams and Sgt. Epp North were represented by Tomas Guterres and Chandler A. Parker of Collins + Collins, LLP.

A jury was regularly empaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the case was submitted to the jury. The jury deliberated and thereafter returned a verdict as follows:

20-924-Prop Amnd Judgment (Per 4.29 Order)　　　　　1

**AMENDED JUDGMENT**

**Plaintiff Aaron Glazier's claims against Deputy Adams**

**Question 1**.  Has Plaintiff proven by a preponderance of the evidence that Deputy Adams deprived him of his Fourth Amendment right to be free from unreasonable seizures?

YES ____**X**____        NO _____

*Please proceed to Question 2.*

**Question 2**.  Has Plaintiff proven by a preponderance of the evidence that Deputy Adams deprived him of his Fourteenth Amendment right to be free from malicious prosecution?

YES ____**X**____        NO _____

*Proceed to Question 3.*

**Question 3**. Has Plaintiff proven by a preponderance of the evidence that Deputy Adams deprived him of his Fourteenth Amendment right to be free from a criminal prosecution based on fabricated evidence?

YES ____**X**____        NO _____

*If you answered "YES" to Questions 1, 2, or 3, then proceed to Question 4.  If you answered "NO" to Questions 1-3, don't answer any further questions. You may sign, date, and return this form.*

**Plaintiff Aaron Glazier's claims against Sergeant North**

**Question 4**. If you answered "YES" to Question 1, has Plaintiff proven by a preponderance of the evidence that Sgt. North was an integral participant in the violation of Plaintiff's Fourth Amendment rights against unreasonable seizures?

YES ____X____        NO _____

*Proceed to Question 5.*

**Plaintiff's Damages**

**Question 5a**. If you answered "YES" to any of the Questions 1-4 above, what is the amount of general damages that you award to Plaintiff?

$ _975,000.00_____
*Please proceed to Question 5b.*

**Question 5b**. *If you did not award Plaintiff damages, you must award Plaintiff nominal damages. Please enter an amount of up to $1.00 in the space provided below. Do not complete if you awarded Plaintiff damages in Question 5a.*
$____n/a_____ *nominal damages*

*Proceed to Question 6.*

20-924-Prop Amnd Judgment (Per 4.29 Order)                    3

**AMENDED JUDGMENT**

**Question 6**. If you answered "YES" to any of Questions 1-3 above, do you find that Deputy Adams acted with malice, oppression, or in reckless disregard of Plaintiff's rights?

YES ____**X**_____       NO _____

*Please proceed to Question 7.*

**Question 7**. If you answered "YES" to Question 4  above, do you find that Sgt. North acted with malice, oppression, or in reckless disregard of Plaintiff's rights?

YES _____       NO _____**X**_____

Following the compensatory verdict and the jury's finding of malice and oppression, the matter proceeded to a bifurcated punitive damages phase. After hearing additional evidence and argument of counsel, the jury returned a punitive damages verdict against Defendant Deputy Harold Adams in the amount of Twenty-Four Thousand Nine Hundred Ninety-Nine Dollars ($24,999.00).

20-924-Prop Amnd Judgment (Per 4.29 Order)                     4

**AMENDED JUDGMENT**

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.    Judgment is entered in favor of Plaintiff Aaron Glazier and against Defendant Deputy Harold Adams on Plaintiff's claims for (a) unlawful seizure in violation of the Fourth Amendment; (b) malicious prosecution in violation of the Fourteenth Amendment; and (c) prosecution based on fabricated evidence in violation of the Fourteenth Amendment, all pursuant to 42 U.S.C. § 1983.

2.    Judgment is entered in favor of Plaintiff Aaron Glazier and against Defendant Sgt. Epp North on Plaintiff's claim for unlawful seizure in violation of the Fourth Amendment.

3.    Total judgment in the sum of 975,000.00, plus costs pursuant to Federal Rule of Civil Procedure 54(d)(1) is entered against the Defendants Deputy Harold Adams, and Sgt. Epp North and in favor of Plaintiff Aaron Glazier, interest calculated from the date of the entry of judgment, at the rate specified by 28 U.S.C. §1961.

4.    Punitive damages in the sum of $24,999.00 is entered against the Defendant Deputy Harold Adams and in favor of Plaintiff Aaron Glazier, interest calculated from the date of the entry of judgment, at the rate specified by 28 U.S.C. §1961.

5.      Plaintiff Aaron Glazier is the prevailing party and may apply to the court for an award of costs and reasonable statutory attorneys' fees as permitted by law.

IT IS SO ORDERED.

Dated: May 4, 2026
Nunc pro tunc to April 14, 2026

_____
HON. SUNSHINE S. SYKES
United States District Judge

20-924-Prop Amnd Judgment (Per 4.29 Order)                6

**AMENDED JUDGMENT**